FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 4 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ANDREW BOWEN                                                                    PLAINTIFF

vs.                                          3:17-cv-00214 DPm

MATTHEW RING, individually and in His
Official Capacity as Deputy of Greene County
Sheriff's Department; GREENE COUNTY,
ARKANSAS; GREENE COUNTY SHERIFF'S          This case assigned to District Judge ___MARSHALL___
DEPARTMENT; GREENE COUNTY DETENTION        and to Magistrate Judge_____VOLPE_____
CENTER; DAVID CARTER, Individually and in his
official capacity as Sheriff of Greene County, Arkansas; and
JOHN DOES 1-5                                                                  DEFENDANTS

## COMPLAINT

The Plaintiff, Andrew Bowen, for his Complaint against Matthew Ring, individually and in

His Official Capacity as Deputy of Greene County Sheriff's Department; Greene County, Arkansas;

Greene County Sheriff's Department; Greene County Detention Center; David Carter, Individual and

in his official capacity as Sheriff of Greene County; and John Does 1-5, states:

## INTRODUCTION

1.       This is a civil rights action for compensatory and punitive damages as a result of the

beating and injuries suffered by Andrew Bowen, a citizen of the United States, brought pursuant to

42 U.S.C. §§ 1983 and 1988, under the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth

Amendments, to the U.S. Constitution, pursuant to the Arkansas Constitution and Ark. Code Ann.

§ 16-123-101 et. seq., and under the common law of Arkansas, against Matthew Ring, Individually

and in His Official Capacity as Deputy of Greene County Sheriff's Department; Greene County,

Arkansas; Greene County Sheriff's Department; Greene County Detention Center; David Carter,

Individual and in his official capacity as Sheriff of Greene County, Arkansas; and John Does 1-5.

## PARTIES

2.      Plaintiff is a citizen of the United States and a resident of Greene County, Arkansas.

3.      Matthew Ring is a citizen of Greene County, Arkansas and a deputy sheriff of the Greene County Sheriff's Department.  At all times relevant hereto, Officer Ring was acting in such capacity and acting under color of state law.

4.      Greene County is a political subdivision and county governmental entity of the State of Arkansas.  The Sheriff's Department and Detention Center are parts of the County government and are operated and controlled by the County and by Sheriff David Carter and at all relevant times employed all other Defendants.  Greene County, Arkansas is a Defendant in its own right on Plaintiff's claims pursuant to the inadequate policies, customs, and practices of the Sheriff's Department and Detention Center which policies, customs, and practices caused the injuries complained of herein.  Upon information and belief, the Sheriff and/or certain of his respective subordinates whose identities are yet unknown, are policymakers for Greene County, Arkansas with authority to dictate the policies of the Sheriff's Department and Detention Center.

5.      At all times relevant, David Carter was the duly appointed Sheriff and employee of the Greene County Sheriff's Department.  As such, acting under the color of state law, he was the commanding officer of Defendant Matthew Ring and John Does 1-5, and was responsible for their hiring, retention, training, supervision, and conduct, as well as approval and/or implementation of policy including the use of force, the handling of prisoners, and the providing of medical care.  He was further responsible for enforcing the regulations of the Greene County Sheriff's Department and

2

the Greene County Detention Center and for ensuring the personnel of the department obeyed the laws of the State of Arkansas and the United States of America.  At all times relevant hereto, Defendant Carter was acting in such capacity as the official head of the Greene County Sheriff's Department and Detention Center and acting under color of state law.

6.      Plaintiff does not know the names or capacities of the Defendants sued herein by the fictitious names of John Does 1-5 and therefore sues said Defendants by fictitious names.  However, Plaintiff is informed and believes and based thereon alleges that said Defendants were acting under color of state law as employees of Greene County, Arkansas, the Sheriff's Department and/or the Detention Center and are likewise responsible for the injuries suffered by Plaintiff as alleged herein. Pursuant to Ark. Code Ann. § 16-56-125 and the Affidavit attached hereto as Exhibit "1", when the identity of these individuals or entities is discovered, this pleading will be appropriately amended. All these Defendants were employees of Greene County, Sheriff's Department and/or the Detention Center and were acting within the course and scope of said agencies and employment with knowledge and consent of such employers and principals.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the parties to this action and the subject matter of this action pursuant to 28 U.S.C. § 1331 as Plaintiffs' Complaint alleges the deprivation of individual rights and privileges which are codified at 42 U.S.C. § 1983, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the laws of the State of Arkansas.  Jurisdiction is based on 28 U.S.C. § 1343 (3) and (4) and 1331.  Supplemental jurisdiction for state law claims is authorized under 28 U.S.C. § 1367.  Venue in this district is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this cause of action arose in this district.

3

## FACTS

8.     The Greene County Sheriff's Department has become well-known for presenting arrestees and inmates to Greene County, Judges with severe and unexplained injuries.  In fact, members of the Greene County Sheriff's Department have been questioned in open court by presiding judges regarding the frequency with which detainees/prisoners have been presented with obvious signs of physical injuries of an unexplained nature.  Greene County, Arkansas, has also been the subject of numerous inmate complaints.

9.     Matthew Ring has a long and well-known history of police brutality and of committing perjury to cover up his acts of police brutality.

10.     In 2009, while working for the Paragould Police Department, Officer Ring arrested and handcuffed Jacob Earls (See Earls v. Ring, United States District Court, Eastern District, Jonesboro Division, 3:09-cv-00230-JLH-JJV).  Earls alleged that Ring slammed his face against the police vehicle and rendered him unconscious.  Officer Ring testified that he used a simple take-down and that Earls only received two minor scratches.  Booking photographs revealed Earls in a restraint chair and unconscious.  His face was swollen and bloodied.  In turn, Officer Ring testified that Mr. Earls must have been beaten and bloodied while at the Greene County Detention Center.

11.     After receiving extensive testimony from numerous witnesses, United States Magistrate Judge, the Honorable Joe J. Volpe, found that Officer Ring and his witnesses had presented a fabricated story and fabricated other evidence. Judge Volpe concluded that Officer Ring perjured himself, as did his fellow officers, and that they had destroyed evidence.

4

12.     Judge Volpe concluded that Officer Ring used excessive force while arresting Mr. Earls and later lied about his actions.  Officer Ring was found liable for these actions.

13.     Thereafter, in 2014, with full knowledge of Officer's Rings history of police brutality and perjury, Greene County, Arkansas, and the Greene County Sheriff's Department hired Officer Ring as a Deputy Sheriff for the Greene County Sheriff's Department.

14.     Mr. Bowen had previously experienced problems with the Greene County Sheriff's Department.  In fact, in 2015, Mr. Bowen filed a complaint against the Sheriff's Department stating that he had been the victim of threats and intimidation and that he was fearful for his safety.  Approximately a year after the disposition of this complaint against the Greene County Sheriff's Department, Mr. Bowen was stopped and detained by Deputy Ring while a pedestrian on the sidewalk along Highway 412 in Greene County, Arkansas.

15.     On August 28, 2016, Deputy Ring was on patrol on Highway 412 at 4:39 pm.  Plaintiff was walking along the side of the road. Based upon the station log, Officer Ring reported a man was walking on the sidewalk.  Within one minute, Officer Ring reported that he made contact, made the arrest, and that Mr. Bowen was in custody.

16.     Officer Ring claims he arrested Plaintiff because he appeared intoxicated.  He claims that he placed Plaintiff in handcuffs and that Plaintiff attempted to head butt him while being placed in the back of a patrol unit.  He claims that he took Plaintiff to the ground and held him on the ground until a transport unit arrived from the Greene County Detention Center.  The station log records reflect that Officer Ring called for a transport van at 4:42 pm and that, thereafter, two additional units arrived at the site.

17.     Officer Ring admits that Plaintiff was bleeding from the head from an injury that Officer Ring inflicted.  In fact, due to the injuries inflicted by Officer Ring, Mr. Bowen became unconscious and non-responsive at the scene.

18.     A third party witness, who stopped after seeing Mr. Bowen bleeding on the sidewalk, has provided a written statement verifying that he was told by the officers at the scene that an ambulance had been called.  In fact, however, there had been no request for an ambulance and no request for medical attention.  There was also no radio communication at any time prior to Mr. Bowen's later arrival at the jail that Mr. Bowen had suffered injuries, was unconscious and was non-responsive.

19.     According to the station log, at 5:01 pm, all three units returned with Mr. Bowen to the jail.

20.     Video evidence produced by Greene County, Arkansas reveals that Plaintiff was severely beaten, unconscious and making a load snoring sound.  During the video officers and various other people can be heard laughing at Mr. Bowen.  A Jailer can be heard saying: "Second one we've had like this today." A nurse can be heard asking a jailer: "Did he come in like this?" and the jailer responds: "yes." The nurse can be seen trying to awaken Mr. Bowen without success.  Mr. Bowen demonstrated clear and objective indications of a severe brain injury.  Despite this fact, no timely medical evaluation, treatment or transfer occurred.

21.     Finally, at 5:17 pm, the Greene County Jail called an ambulance.  The ambulance crew arrived at 5:25 pm and transported Mr. Bowen to Arkansas Methodist Medical Center in Paragould.

6

22.     At Arkansas Methodist, Mr. Bowen was noted to have sustained multiple blows to the head.  It was noted by medical personnel that he had been "hit and punched and brought to Jail." He had injuries to his head, forehead and chin.  He was unconscious and had seizure activity.  He had a large hematoma on his forehead and a gaping laceration on his chin.  Hand cuff marks were noted as well as abrasion of his shoulders, knees, elbows and tops of feet.  He had a borderline ECG. He was wearing jailhouse black and white striped pants.

23.     While at Arkansas Methodist, Mr. Bowen had to be intubated due to respiratory failure.

24.     Mr. Bowen was transferred to St. Bernard's Medical Center due to the severity of his injuries.  He departed Arkansas Methodist at 10:20 pm.

25.     At St. Bernard's, Mr. Bowen suffered acute respiratory failure, and acute renal failure secondary to low blood pressure and severe muscle damage.  He had chest trauma and bruised lungs, metabolic acidosis and significant coagulapathy and shock.  His seizures were attribtuted to a significant brain injury.

26.     Mr. Bowen suffered from a severe head and brain injury as a result of the beating inflicted by Officer Ring.  Mr. Bowen's severe head injury was readily apparent at the scene of the beating.  He was unconscious and non-responsive.  It is clear that he would have registered a 3 on the Glasgow coma scale which is the lowest possible score.  He was also exhibiting loud snoring, which is a clear indicator of a severe head and brain injury.

27.     Mr. Bowen also suffered massive trauma and internal tissue injuries as a result of the beating inflicted by Officer Ring.  This caused Mr. Bowen to develop disseminated intravascular coagulation (DIC).  DIC involves the widespread activation of the clotting cascade that results in the

formation of blood clots in the small blood vessels throughout the body. This leads to compromised tissue blood flow and multiple organ damage. As the coagulation process consumes clotting factors and platelets, normal clotting is disrupted and severe bleeding occurs. The cause of the DIC in this case was widespread, severe trauma inflicted by members of the Greene County Sheriff's Department.

28.     Plaintiff remained hospitalized at St. Bernard's Medical Center for thirty-one days. He remained on maximized settings in the intensive care unit and eventually required vasopressor drugs to treat his extremely low blood pressure.  This also caused him to suffer renal failure that required dialysis and heart damage.  In the ICU, he suffered metabolic acidosis and coagulopathy, likely end organ damage from shock.  Eventually, he improved physically and was transferred to a step down unit where he continued to undergo dialysis and drug treatment to prevent seizures.  It took thirty days for him to show any improvement regarding his mental status and it never returned to normal.  He, thereafter, received continued neurologic, nephrologic and cardiologic treatment. He also received home health care and was seen several times throughout the week for several weeks by home health nurses.

29.     Mr. Bowen's mental and physical condition was critical at the scene of the beating. As a result of the beating, the delay in treatment and the other actions and inaction of Defendants, Mr. Bowen remains permanently brain damaged and will need care, treatment and assistance for the remainder of his lifetime.

30.     Following this incident, and while Mr. Bowen was still hospitalized and unconscious, Mr. Bowen's mother attempted to obtain information from the Greene County Sheriff's Office.  She was met with resistance.  Ms. Griffin, thereafter, obtained counsel and submitted a Freedom of

8

Information Act Request.  The Greene County Sheriff's Department refused to comply with the

Freedom of Information Act or appropriately respond to the request.  Ms. Griffin was forced to file

a Freedom of Information Act lawsuit.  Only after the initiation of that lawsuit did the Sheriff's

Department respond to the Freedom of Information Act request.  Upon information and belief, the

Sheriff's Department withheld responsive information.

**COUNT I**
**CIVIL RIGHTS CLAIM UNDER 42 U.S.C. § 1983 (Excessive Force)**

31.     Plaintiff realleges Paragraphs 1 through 30 of this Complaint as if set forth word for

word.

32.     Plaintiff is entitled to protection against deprivation of liberty and violation of his

intimate bodily integrity under the Due Process Clause of the Fifth and Fourteenth Amendments to

the United States Constitution.  He is also entitled to equal protection of the laws and to the

privileges and immunities of a citizen under the Fourteenth Amendment.  The equal protection

interests and privileges and immunities protected by the Fourteenth Amendment include the right

to observance of the constitutional guarantees accorded all citizens.  He is also entitled to protection

from cruel and unusual punishment under the Eighth Amendment.  The liberty interests protected

by the Fifth and Fourteenth Amendments include the freedom from battery, assault, and intentional

infliction of mental distress or outrage.

33.     Officer Ring attacked and severely injured Plaintiff's body and brain while acting

under the color of law as an employee and officer of the Greene County Sheriff's Department and

the State of Arkansas constituting a deprivation of Plaintiff's rights and privileges secured by the

Constitution and laws of the United States as defined by 42 U.S.C. § 1983.  Those rights include,

but are not limited to, Plaintiff's Eighth Amendment rights to be (1) free from cruel and unusual punishment, (2) free from inhumane conditions of confinement, (3) free from deliberate indifference to his health and safety, including deliberate indifference to serious medical needs, and (4) free from excessive force.

34.     Officer Ring's behavior as a governmental officer is so egregious and so outrageous that it may fairly be said to shock the contemporary conscience.

35.     Officer Ring's beating of Plaintiff was an intentional act that produced constitutional injury and that was an arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice.

36.     Greene County, Arkansas and Sheriff David Carter were aware that Officer Ring was using excessive force and committing perjury to conceal his excessive force and as such these actions have been and continue to be the official policy of Greene County, Arkansas.  Moreover, Defendants did not reprimand Officer Ring after this incident.  In fact, rather than reprimanding Officer Ring, Defendants engaged in an active conspiracy to conceal Officer's Rings actions.

37.     Upon information and belief, it was the policy and custom of Greene County, Arkansas to conceal police brutality and other atrocities.

38.     Upon information and belief, it was the policy and custom of Greene County, Arkansas to inadequately supervise and train its law enforcement officers, specifically including Officer Ring, thereby failing to adequately discourage further constitutional violations of the part of its officers, specifically including Officer Ring.  It is further alleged that the County did not require appropriate in-service training or retraining of officers.

10

39.     As a result of the above described policies and customs, police officers of Greene County, Arkansas, including Officer Ring, believed that their actions would not be properly monitored by supervisory officers and that their misconduct would not be investigated or sanctioned, but would be tolerated and concealed.

40.     The above-described policies and customs demonstrated a reckless, deliberate indifference on the part of policy makers of Greene County, Arkansas to the constitutional rights of persons within the County and were the proximate cause of the violations of Plaintiff's rights and the damages sustained as alleged herein.

41.     The action and/or failure to act by Greene County, Arkansas violated and deprived Plaintiff of his rights and privileges secured by the Constitution and laws of the United States as defined by 42 U.S.C. § 1983.

42.     As a direct and proximate result of the action of Defendants, Plaintiff has suffered severe physical and psychological harm, pain and suffering, emotional distress and loss of earnings and earnings capacity that no reasonable person should be expected to endure.

43.     As a proximate result of the actions of the Defendants, Plaintiff has been damaged in an amount not yet determined, but which exceeds $75,000.

44.     Further, the conduct of Defendants constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling Plaintiff to punitive damages pursuant to 42 U.S.C. § 1983.

45.     Plaintiff is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988 and Arkansas law, Ark. Code Ann. §§ 16-118-107 and 16-123-105.

## COUNT II
## CIVIL RIGHTS CLAIM UNDER 42 U.S.C. § 1983 (Denial of Medical Care)

46.     Plaintiff realleges Paragraphs 1 through 45 of this Complaint as if set forth word for word.

47.     The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to a prisoner's serious medical needs.

48.     Plaintiff had not been convicted of a crime but was a pretrial detainee.  The Due Process Clause of the Fourteenth Amendment requires that pretrial detainees receive medical care while in police custody.  The due process rights of pretrial detainees have been held to be at least as great as the Eighth Amendment protections available to a convicted prisoner.

49.     As a pretrial detainee, Defendants could not punish Plaintiff prior to an adjudication of guilt.

50.     In reviewing the constitutionality of conditions of Plaintiff's pretrial detention, the inquiry is whether the conditions amount to a punishment of Plaintiff.  If they do, they are unconstitutional.

51.     Defendants acted with deliberate indifference to Plaintiff's serious medical needs as a pretrial detainee and showed a reckless disregard of substantial risks to Plaintiff's health.

52.     Plaintiff suffered from objectively serious medical needs.  Plaintiff suffered from injuries that were so obvious that even a layperson would easily recognize the necessity for a doctor's attention.  Thus, all of the officers at the scene were, or should have been, aware of his immediate need for medical care and their failures led to the severity of his injuries described below.

53.     Greene County prison officials knew and deliberately disregarded Plaintiff's serious medical needs.  The deliberate indifference of the prison officials was manifested by their laughing at Plaintiff and intentionally denying and delaying Plaintiff access to emergency medical care.

54.     Plaintiff's emergent medical condition required that he be transferred to the hospital immediately from the scene of his arrest.  Given the severity of Mr. Bowen's injuries, time was of critical importance.  The severity of his head injury was immediately apparent at the scene. Nevertheless, he was taken to the jail and remained there while his condition significantly worsened. Defendants' actions resulted in a prolonged lack of oxygen to Plaintiff's brain and caused severe and irreversible brain damage.  Moreover, the untimely actions and concealment of the extent of his injuries, including the trauma to his chest, back, kidneys, and other internal organs prevented timely treatment and resulted in catastrophic blood loss and massive trauma and internal tissue injuries. This caused Mr. Bowen to develop widespread activation of the clotting cascade and led to compromised tissue blood flow and multiple organ damage.  This resulted in Plaintiff suffering permanent and significant brain damage and other injuries.

55.     As a direct and proximate result of the action of Defendants, Plaintiff has suffered severe physical and psychological harm, pain and suffering, emotional distress and loss of earnings and earnings capacity that no reasonable person should be expected to endure.

56.     As a proximate result of the actions of the Defendants, Plaintiff has been damaged in an amount not yet determined, but which exceeds $75,000.

57.     Further, the conduct of Defendants constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling Plaintiff to punitive damages pursuant to 42 U.S.C. § 1983.

58.     Plaintiff is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988 and Arkansas law, Ark. Code Ann. §§ 16-118-107 and 16-123-105.

## COUNT III.
## ARKANSAS CIVIL RIGHTS ACT

13

59.     Paragraphs 1 through 58 of this Complaint are incorporated herein as if set forth word for word.

60.     The Constitution of the State of Arkansas guarantees the equality of all persons before the law (Art. 2 § 3), protects against deprivation of liberty without due process of law (Art. 2 § 8), protects against cruel or unusual punishments (Art. 2 § 9), protects against punishment without trial (Art. 2 § 10) and protects against unreasonable searches and seizures (Art. 2 § 15).

61.     The actions of Officer Ring in beating Plaintiff, while acting under the color of law of Greene County, Arkansas, constituted a deprivation of his rights and privileges as secured by the constitution of the State of Arkansas and as defined by Ark. Code Ann. § 16-123-105.  Moreover, Defendants did not reprimand Officer Ring after this incident.  In fact, rather than reprimanding Officer Ring, Defendants engaged in an active conspiracy to conceal Officer's Rings actions.

62.     Upon information and belief, Greene County, Arkansas failed to implement or enforce any policy or procedure to prohibit this type of conduct and recklessly failed to adequately supervise Officer Ring and the other officers involved in his arrest and detainment.

63.     Likewise, Defendants deliberate indifference to Plaintiff's serious medical needs also violated the Arkansas Constitution.

64.     Plaintiff suffered from objectively serious medical needs.  Plaintiff suffered from injuries that were so obvious that even a layperson would easily recognize the necessity for a doctor's attention.

65.     Greene County prison officials knew and deliberately disregarded Plaintiff's serious medical needs.  The deliberate indifference of the prison officials was manifested by their laughing at Plaintiff and intentionally denying and delaying Plaintiff access to emergency medical care.

14

66.     Plaintiff's emergent medical condition required that he be transferred to the hospital immediately from the scene of his arrest.  Nevertheless, he was taken to the jail and remained there while his condition significantly worsened.  This resulted in Plaintiff suffering permanent and significant brain damage and other injuries.

67.     As a direct and proximate result of the actions of the Defendants, Plaintiff has suffered severe physical and psychological harm, pain and suffering, and emotional distress that no reasonable person should be expected to endure.

68.     As a proximate result of the actions of the Defendants, Plaintiff has been damaged in an amount not yet determined, but which exceeds $75,000.00.

69.     Further, the conduct of the Defendants constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling him to punitive damages pursuant to state law.

70.     Plaintiff is entitled to attorneys' fees pursuant to Ark. Code Ann. § 16-118-107 and 16-123-105.

## COUNT IV.
## TORT OF OUTRAGE

71.     Paragraphs 1 through 70 of this Complaint are incorporated herein as if set forth word for word.

72.     Officer Ring's conduct, in beating Plaintiff constitutes extreme and outrageous conduct that is utterly intolerable in a civilized community. Moreover, Officer Ring has committed the same types of atrocities under the color of law in the past.  Despite this fact, he was hired by Greene County, Arkansas and given the authority to make arrests.  Moreover, he was not reprimanded after these events.  To the contrary, Defendants have engaged in an active conspiracy

15

to conceal Officer Ring's use of unreasonable force and Defendants' failure to provide timely and adequate medical attention.

73.     As a direct and proximate result of the actions of the Defendant, Plaintiff has suffered severe physical and psychological harm, pain and suffering, and emotional distress that no reasonable person should be expected to endure.

74.     As a proximate result of the actions of the Defendants, Plaintiff has been damaged in an amount not yet determined, but which exceeds $75,000.00.

75.     Further, the conduct of the Defendants constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1983 and state law.

76.     Plaintiff is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988 and Ark. Code Ann. § 16-118-107 and 16-123-105.

## COUNT V.
## BATTERY - SEPARATE DEFENDANT OFFICER MATTHEW RING

77.     Paragraphs 1 through 76 of this Complaint are incorporated herein as if set forth word for word.

78.     Officer Ring's conduct in beating Plaintiff constitutes felony battery upon Plaintiff.

79.     Officer Ring acted with intent to cause some harmful and offensive contact with Plaintiff and acted with the intent to create the apprehension of harmful and offensive contact with Plaintiff.

80.     A harmful and offensive contact with Plaintiff resulted.

16

81.     As a direct and proximate result of the actions of Officer Ring, Plaintiff has suffered severe physical harm, pain and suffering, and emotional distress that no reasonable person should be expected to endure.

82.     As a proximate result of the actions of Officer Ring, Plaintiff has been damaged in an amount not yet determined, but which exceeds $75,000.00.

83.     Further, the conduct of Officer Ring constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1983 and state law.

84     Officer Ring's actions constitute a felony pursuant to Arkansas law. Plaintiff is entitled to recover, in addition to any other remedies, at law or equity, all costs and fees associated with maintaining this action. 42 U.S.C. § 1988 and Ark. Code Ann. § 16-118-107 and 16-123-105.

## COUNT VI.
## ASSAULT - - SEPARATE DEFENDANT OFFICER MATTHEW RING

85.     Paragraphs 1 through 84 of this Complaint are incorporated herein as if set forth word for word.

86.     Officer Ring's conduct constitutes assault upon Plaintiff.

87.     Officer Ring acted in such a manner as to create a reasonable apprehension of immediate harmful or offensive contact upon the person of Plaintiff.

88.     Officer Ring intended to cause Plaintiff's apprehension of immediate harmful or offensive contact upon his person.

89.     Plaintiff was actually placed in apprehension of immediate harmful or offensive contact upon his person.

17

90.     As a direct and proximate result of the actions of Officer Ring , Plaintiff has suffered severe physical and psychological harm, pain and suffering, and emotional distress that no reasonable person should be expected to endure.

91.     As a proximate result of the actions of Officer Ring , Plaintiff has been damaged in an amount not yet determined, but which exceeds $75,000.00.

92.     Further, the conduct of Officer Ring constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1983 and state law.

93.     Officer Ring's actions constitute a felony pursuant to Arkansas law. Plaintiff is entitled to recover, in addition to any other remedies, at law or equity, all costs and fees associated with maintaining this action.  42 U.S.C. § 1988 and Ark. Code Ann. § 16-118-107 and 16-123-105.

## DAMAGES

94.     As a result of the beating, Mr. Bowen suffered acute respiratory failure, and acute renal failure secondary to low blood pressure and severe muscle damage.  He had chest trauma and bruised lungs, metabolic acidosis and significant coagulapathy and shock.  He also suffered from a severe and permanent brain injury as a result of the beating.

95.     Plaintiff is entitled to recover the following category of damages caused by the fault of the Defendants:

(a)     The nature, extent, and duration and permanency of Plaintiff's injuries, which include but are not limited to, a very significant and permanent brain injury;

(b)     The reasonable expense of all medical care, treatment, services, and devices required to treat Plaintiff in the past and the present value of such expenses reasonably certain to be required in the future;

(c)     The reasonable expense of travel, and out-of-pocket expenses associated with the past and future medical care which has been or will be provided to Plaintiff;

(d)     The pain, suffering and mental anguish that Plaintiff has suffered and all the pain, suffering and mental anguish reasonably to be certain to be experienced in the future;

(e)     Any scars or disfigurement caused by defendants; and

(f)     The reasonable expense of his future care which has been and will be required as a result of his injuries.

96.     Plaintiff should have and recover judgment in an amount to be set by the jury in excess of the minimum amount required for federal court diversity from the Defendants, jointly and severally, as compensatory damages, caused as a proximate result of the actions and fault of the Defendants.

97.     Defendants' conduct demonstrate a reckless disregard for, and a conscious indifference to, Plaintiffs' health and well being justifying the award of punitive damages.

98.     Defendants knew or should have known in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage, and Defendants continued the conduct with malice and in reckless disregard of the consequences from which malice might be inferred.  Defendants intentionally pursued the course of conduct for the purpose of causing injury

19

and that conduct did, in fact, harm Plaintiff. Defendants acted intentionally, recklessly, and/or maliciously. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

99.   Plaintiff reserves the right to amend this Complaint and plead further in this case.

100.   Plaintiff requests a trial by jury on all issues so triable.

WHEREFORE, the Plaintiff, Andrew Bowen, prays for a trial by jury, that Plaintiff have and recover judgment from and against the Defendants, jointly and severally, for compensatory damages in an amount in excess of the minimum amount for federal court diversity jurisdiction, for punitive damages as described above, for an award of reasonable attorneys' fees, for all other damages allowed by law, and for all other relief to which he may be entitled.

Respectfully Submitted,

King Benson
Benson Law Firm
1005 Linwood Dr # 3
Paragould, AR 72450

Tony L. Wilcox (#93084)
**Wilcox Law Firm**
600 South Main Street
Jonesboro, Arkansas 72401
(870) 931-3101

Chris A. Averitt (#98123)
Jay Scholtens (#97132)
**Scholtens & Averitt, PLC**
600 South Main Street
Jonesboro, Arkansas 72401
(870) 972-6900

By: _____
Chris A. Averitt (#98123)

20

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ANDREW BOWEN                                                      PLAINTIFF

vs.

MATTHEW RING, individually and in His
Official Capacity as Deputy of Greene County
Sheriff's Department; GREENE COUNTY,
ARKANSAS; GREENE COUNTY SHERIFF'S
DEPARTMENT; GREENE COUNTY DETENTION
CENTER; DAVID CARTER, Individually and in his
official capacity as Sheriff of Greene County, Arkansas; and
JOHN DOES 1-5                                                     DEFENDANTS

## AFFIDAVIT

I, Chris A. Averitt, attorney for Andrew Bowen, do solemnly swear and affirm that the

identity of the additional tortfeasors stated as John Does 1-5 are unknown. I have attempted a

diligent inquiry to ascertain the identity of any such tortfeasors, but have been unable to determine

the identity of said tortfeasors. Upon determination of the identity of the additional tortfeasors, I will

amend the Complaint and substitute the real names for the pseudo-names.

_____
Chris A. Averitt

STATE OF ARKANSAS
COUNTY OF CRAIGHEAD

SUBSCRIBED AND SWORN TO before me this 11th day of August, 2017.

_____
NOTARY PUBLIC

My Commission Expires: 11-08-26

OFFICIAL SEAL - #12699358
**STEPHANI WINEMILLER**
NOTARY PUBLIC-ARKANSAS
CRAIGHEAD COUNTY
MY COMMISSION EXPIRES: 11-08-26