IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ANDREW BOWEN                                                    PLAINTIFF

vs.                          No. 3:17-cv-214-DPM

MATTHEW RING, individually and in His Official
Capacity as Deputy of Greene County Sheriff's
Department; GREENE COUNTY, ARKANSAS;
DAVID CARTER, Individually and in his official
capacity as Sheriff of Greene County, Arkansas; and
JOHN DOES 1-5                                                   DEFENDANTS

## PROTECTIVE ORDER

With the parties' agreement, and pursuant to Federal Rule of Civil Procedure 26 (c), the Court Orders:

1. "Confidential Information" is defined to include without limitation: confidential personal information, such as Social Security Numbers, contact information, medical information, dates of birth, and other information or matters now or later requested by either party and deemed by the Court to be relevant and material to this case.

2. "Qualified Persons" is defined as: the parties, the parties' attorneys (including attorneys later added to this case) and the attorneys' staffs (e.g., secretaries, assistants, experts and other employees actively engaged in assisting with this case), court personnel, witnesses at trial or deposition, and the jury.

3. Confidential Information obtained through discovery may be used only for the purpose of this litigation and may not be given, shown, made available, or communicated in any way to anyone other than Qualified Persons.

1

4. All documents considered by the delivering party to contain Confidential Information must be marked "Confidential Information." Bates-numbered documents may be designated as Confidential Information in a letter attached to the Bates-numbered documents.

5. A party delivering Confidential Information must, at the time of delivery, provide the receiving party with a signed inventory of the documents delivered that contain Confidential Information.

6. Any objections to a designation of Confidential Information must be made in writing and within 10 days of receiving the Confidential Information. If an objection is made, the parties must attempt in good faith to resolve the issue before asking the Court to resolve the issue. If the parties can't resolve the dispute, they must file a joint report pursuant to the Final Scheduling Order, No. 18 at 3.

7. "Confidential Information" shall not be filed on the public docket. If practicable, it shall be redacted. Fed. R. Civ. P. 5.2. If redaction is impracticable, a party must move for permission to file any Confidential Information and any related motions, brief, or paper containing that material. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

8. Except with the written consent of the Parties or Order of this Court, Confidential Information may not be disclosed to any person other than Qualified Persons.

9. The restriction on the dissemination of Confidential Information in this Order is binding during this litigation. This Order shall also remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall be solely a matter of contract between the parties.

10. Three years after this action, including all appeals, concludes the parties must destroy, or return to the delivering party, all documents containing Confidential Information.

11. Sanctions may attach to any person who violates this Order.

So Ordered.

*DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

*18 December 2017*